## 10129

## STATE v. AYOUB.
### (98 S. E. 133.)

1. LARCENY—GRAND LARCENY—WHAT CONSTITUTES.—If accused stole a number of automobile tire cases and tubes ranging in value from $2.50 to $6 each, and stole all of them at one time, he was guilty of grand larceny, but if they were stolen at different times, he was guilty of repetitions of the offense of petit larceny.

2. LARCENY—QUESTIONS FOR JURY—"GRAND LARCENY."—In prosecution for stealing a number of automobile tire casings and tubes, whose several value was less than, but whose aggregate value exceeded, the

minimum value constituting the offense of grand larceny, where there was evidence warranting interference that all the goods were stolen at one time, there was no error in submitting to the jury the issue whether accused was guilty of "grand larceny."

Before TOWNSEND, J., Richland, Summer term, 1918 Affirmed.

Alex. Ayoub was convicted for grand larceny, and he appeals.

*Mr. John Hughes Cooper,* for appellant.

*Solicitor W. Hampton Cobb,* for respondent.

January 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellant was indicted for housebreaking and grand larceny, and convicted of grand larceny. The theft alleged was of a number of inner tubes and castings for automobile tires, which ranged in value from $2.50 to $6 each. If the several articles were stolen at different times, the thief was guilty of only so many cases of petit larceny, but if they were all taken at the same time, the aggregate value was enough to make a case of grand larceny.

At the close of all the evidence, appellant moved for a directed verdict of not guilty of grand larceny, on the ground that the evidence was not sufficient to sustain a conviction of that offense. He concedes that, if the evidence was susceptible of the inference that the goods were all stolen at the same time, there was no error in refusing his motion. We think the evidence clearly warranted the inference that the goods were all stolen at one time, and hence that there was no error in submitting that issue to the jury.

Judgment affirmed.